**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 31 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARY A. DEAN,

        Plaintiff - Appellant,

        v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

        Defendant - Appellee.

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-
ELTON DEAN,

        Intervenor.

No. 99-8028
(D. Ct. No. 98-CV-44)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **TACHA**, and **EBEL**, Circuit Judges.

        Plaintiff appeals the district court's order of summary judgment. We

exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I.  Facts

Appellant Mary Dean and her husband Elton Dean were involved in an automobile accident near Dallas, Texas on August 16, 1996.  While driving in a construction zone, the Deans allege that a vehicle pulled in front of their vehicle and hit its brakes.  Mr. Dean's braking reaction resulted in the brakes locking.  The Deans allege that their van slid sideways, demolished several reflector poles, collided with a concrete barrier, and came to a stop.  The Deans could not describe the vehicle that pulled in front of them and caused them to lose control.  The vehicle did not stop and may have been unaware of the accident.  Mrs. Dean was apparently injured by a small cooler that flew forward and struck her on the shoulder during the accident.

Mr. Dean stepped out of the vehicle to inspect the damage.  He concluded that the vehicle could be driven and, because traffic was heavy enough that it did not seem safe to wait and because Mrs. Dean's injuries did not seem serious, they continued home without notifying law enforcement.

The Deans were insured by defendant State Farm.  The insurance policy requires that a person suffering bodily injury and making a claim "under the uninsured motor vehicle coverage, report a 'hit-and-run' accident to the police within twenty-four hours or as soon as reasonably possible" and to State Farm within thirty days.  The policy also requires independent verification by a

"disinterested witness" when the other driver remains unknown.

After returning to their home in Casper, Wyoming, the Deans reported their claim to their insurer, State Farm. On August 22, 1996, the Deans met with Kurt Neibauer, an employee of State Farm. At that meeting, Mr. Neibauer informed the Deans of the policy provision requiring that the police be notified within twenty-four hours of an accident or as soon as reasonably possible. The Deans still had not notified law enforcement.

In a letter dated September 19, 1996, State Farm denied the Deans' claim under the policy for uninsured motor vehicle coverage because the Deans still had not contacted law enforcement and had not provided a disinterested witness. Mr. Dean called the Dallas police on September 20, 1996 and reported the accident. State Farm continued to deny the Deans' claim.

Mrs. Dean brought the instant action against State Farm. The district court granted summary judgment to State Farm on the basis that the Deans did not report the accident to law enforcement within twenty-four hours or as soon as reasonably possible. The district court did not reach the disinterested witness issue. Mrs. Dean appealed to this court.

## II. Discussion

We review the district court's grant of summary judgment de novo. Bullington v. United Air Lines, Inc. 186 F.3d 1301, 1313 (10th Cir. 1999).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court does not weigh evidence; instead, the relevant inquiry is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Jeffries v. Kansas Dep't of Soc. & Rehab. Servs., 147 F.3d 1220, 1228 (10th Cir. 1998) (quoting Bingaman v. Kansas city Power & Light Co., 1 F.3d 976, 980 (10th Cir. 1993)).

It is undisputed that Mr. Dean did not report the accident within twenty-four hours. We agree with the district court that Mr. Dean also did not report the accident "as soon as reasonably possible." Over one month passed between the accident and Mr. Dean's report to police. Three weeks passed between the date the Deans were put on notice of the provision requiring police notification and the report of the accident. The Deans do not offer any reasonable explanation for this delay. Under these circumstances, Mr. Dean clearly did not report the accident to police "as soon as reasonably possible." Consequently, Mrs. Dean's breach of contract claim must fail.[1]

---

[1]Mrs. Dean also argues that State Farm must show that it would be prejudiced by the violation of a provision in the policy. She has not, however, pointed us to any Wyoming authority supporting that proposition. Absent such

- 4 -

Mrs. Dean also brought a tort claim arguing that State Farm denied her benefits in bad faith. Under Wyoming law, to prove bad faith a plaintiff must prove that the denial of a claim was not "fairly debatable." State Farm Mut. Auto. Ins. Co. v. Shrader, 882 P.2d 813, 825 (Wyo. 1994). To demonstrate that the denial was not "fairly debatable," the plaintiff must show the absence of any reasonable basis for denying the claim. Id. Because we find that State Farm had a conclusive basis for denying uninsured motorist coverage to Mrs. Dean in this case, Mrs. Dean's bad faith claim must also fail.

We find that summary judgment was properly granted because of the Deans' failure to report the accident to police as soon as reasonably possible. We need not decide whether State Farm's disinterested witness requirement violates public policy or whether Mr. Dean could be considered a disinterested witness.

The district court's order of summary judgment is AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

---

authority, we will not attempt to predict the development of Wyoming law on this issue.